# Court of Appeals
## Tenth Appellate District of Texas

=====

10-25-00100-CR

=====

Tyrone Shepard,
Appellant

v.

The State of Texas,
Appellee

=====

On appeal from the
272nd District Court of Brazos County, Texas
Judge John L. Brick, presiding
Trial Court Cause No. 23-03774-CRF-272

=====

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Tyrone Shepard was convicted of possession of a controlled substance in an amount less than one gram. He was sentenced to 12 years in prison. We modify the trial court's judgment and affirm the judgment as modified.

**BACKGROUND**

During a traffic stop, Shepard was arrested on an active warrant. He was handcuffed and searched. While being searched again at the jail, a small

methamphetamine pill was found in his pocket. Shepard eventually claimed the pill was heart medicine. He was booked into jail and remained there until his trial. A jury found Shepard guilty on December 11, 2024, and the trial court assessed punishment on February 26, 2025.

**JURY CHARGE ERROR**

In Shepard's first issue, he complains that the trial court erred in including an instruction to the jury that the State need only prove possession of the pill within the statute of limitations because it "uncoupled Shepard's uncontested possession of the controlled substance on June 27, 2023 [the date alleged in the indictment] from the required culpable mental state resulting in the State's argument that criminal liability attached regardless of Shepard's knowledge of the possession of the controlled substance on or about that date." Specifically, however, Shepard contends the instruction was improper "in light of the state of the evidence" and was a comment on the weight of the evidence.

A claim of jury charge error is reviewed using the two-step procedure set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). First, we review alleged charge error by determining whether error exists in the charge. *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022). If no error exists, our analysis ends. *See Balentine v. State*, 71 S.W.3d 763, 774 (Tex. Crim. App. 2002). But if error exists, we then analyze that error for harm. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

Throughout the trial, Shepard asserted as a defense that, although he possessed the pill, he did not *knowingly* or *intentionally* possess the pill on the date alleged in the indictment—the date the jailer searched him. He objected to the following instruction which was included in the charge to the jury:

> The State is not required to prove the exact date alleged in the indictment but may prove the offense, if any, to have been committed at any time prior to the presentment of the indictment so long as said offense, if any, occurred within three (3) years prior to the date of the presentment of the indictment. The indictment in this case was presented on September 21 , 2023.

### *State of the Evidence*

Shepard first asserts that the submission of this instruction was improper "in light of the state of the evidence." Initially, we note that Shepard's reference to this instruction as a "limitations" instruction is inaccurate. There was no dispute in this case about whether Shepard's possession occurred within the statute of limitations of the offense. Rather, the dispute centered on the language that the State was not required to prove the exact date alleged in the indictment, *i.e.*, the "on or about" date.

It is well-settled that the State is not required to prove an offense was committed on the date alleged in the indictment; the date alleged merely puts an accused on notice to prepare for proof that the event alleged occurred any time within statutory limitations for the offense. *State v. West*, 632 S.W.3d 908, 913 (Tex. Crim. App. 2021). *See Munos v. State*, No. 10-18-00035-CR, 2019

Tex. App. LEXIS 9718, at *9 (Tex. App.—Waco Nov. 6, 2019, pet. ref'd) (not designated for publication) ("The State is not required to prove an offense was committed on or about the date alleged in the indictment and can prove the offense was committed on any date prior to the return of the indictment and within the period of limitations."). Counsel for Shepard recognized this at trial.

On appeal, Shepard presents no authority, and we have found none, which holds that, in a possession case such as this one, the State is limited to proof of possession *only* on the date alleged in the indictment. Instead, Shepard cites to case law where courts have held that an "on or about" instruction included in the jury charge erroneously presented the jury with a much broader chronological perimeter than permitted by law. *See Taylor v. State*, 332 S.W.3d 483 (Tex. Crim. App. 2011); *Kelley v. State*, 429 S.W.3d 865 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). Shepard's reliance on these cases is misplaced because there are no facts in this record to show possession at a time which would expand the chronological perimeter of Shepard's possession of the methamphetamine pill beyond what is permitted by law. Accordingly, as to this part of Shepard's issue, the trial court did not err in submitting the instruction.

### *Comment on the Evidence*

Shepard also asserts that the instruction was erroneously submitted because it commented on the weight of the evidence. Generally, an instruction

constitutes a comment on the weight of the evidence if the instruction is not grounded in statute, is covered by the general charge to the jury, *and* focuses the jury on a specific type of evidence that may support an element of an offense or defense. *Morales v. State*, 357 S.W.3d 1, 5 n.15 (Tex. Crim. App. 2011) (citing *Walters v. State*, 247 S.W.3d 204, 212) (Tex. Crim. App. 2007)) (emphasis added). However, a correct statement of the law by the trial court is generally not reversible as a comment on the weight of the evidence. *Aschbacher v. State*, 61 S.W.3d 532, 538 (Tex. App.—San Antonio 2001, pet. ref'd). In this regard, only "[a] charge that 'assumes the truth of a controverted issue' is an improper comment on the weight of the evidence." *Wilson v. State*, 419 S.W.3d 582, 595 (Tex. App.—San Antonio 2013, no pet.) (quoting *Whaley v. State*, 717 S.W.2d 26, 32 (Tex. Crim. App. 1986)).

Here, the trial court's instruction was a correct statement of the law. *See State v. West*, 632 S.W.3d 908, 913 (Tex. Crim. App. 2021); TEX. CODE CRIM. PROC. art. 21.02; TEX. HEALTH & SAFETY CODE § 115(b). Further, it did not assume the truth of a controverted issue, that being, Shepard's mental state. Consequently, it did not constitute a comment on the weight of the evidence. *See Goode v. State*, No. 06-24-00172-CR, 2025 Tex. App. LEXIS 4666, *11-12 (Tex. App.—Texarkana July 2, 2025, no pet.) (not designated for publication) ('on or about' instruction not a comment on weight of evidence); *Thibodeaux v. State*, No. 09-09-00174-CR, 2010 Tex. App. LEXIS 7437, *15-16 (Tex. App.—

Beaumont Sept. 8, 2010, no pet.) (not designated for publication) (same); *Nava v. State*, No. 08-08-00197-CR, 2010 Tex. App. LEXIS 4514, *7-8 (Tex. App.—El Paso June 6, 2010, pet. ref'd) (not designated for publication) (same); *Simmons v. State*, Nos. 02-05-00172-CR, 02-05-00173-CR, 2006 Tex. App. LEXIS 6359, *17 (Tex. App.—Fort Worth July 20, 2006, pet. ref'd) (not designated for publication) (same).

Accordingly, the trial court did not err by including the instruction in the charge to the jury, and Shepard's first issue is overruled.[1]

## RE-OPENING BY THE STATE

In his second issue, Shepard asserts the trial court abused its discretion by allowing the State to reopen its case-in-chief to present evidence of Shepard's 2019 Milam County extraneous arrest. Specifically, Shepard argues the trial court erred because the State did not show that the extraneous arrest evidence was material under *Peek v. State*, 106 S.W.3d 72 (Tex. Crim. App. 2003) or Article 36.02 of the Texas Code of Criminal Procedure. We disagree with Shepard.

---

[1] As for the recurring assertion that the State would be allowed to "uncouple" the mental state from possession if the State was not limited to proof of possession on the date alleged in the indictment, we disagree with this assertion. First, Shepard cites to no authority that would support his assertion. Second, if, in this case, the State happened to prove Shepard knew about the pill and intended to possess it at a different time within the statute of limitations than the date Shepard was caught in actual possession of the pill, then, according to the definition of possession included in the jury charge, Shepard would still be in possession of the pill at that other time because he would be "aware of his control over the [pill] for a sufficient time to permit him to terminate his control." No "uncoupling" would occur. To the extent this assertion is another part of Shepard's first issue, it is also overruled.

Article 36.02 of the Texas Code of Criminal Procedure states that a "court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." TEX. CODE CRIM. PROC. art. 36.02. The Court of Criminal Appeals has interpreted article 36.02 as *requiring* a trial court to allow reopening if the additional evidence "would materially change the case in the proponent's favor." *Peek*, 106 S.W.3d at 79. Article 36.02 does not impose a limit on a trial court's *discretion* to allow reopening. *Garcia v. State*, 630 S.W.3d 264, 267 (Tex. App.—Eastland 2020, no pet.). Further, the factors expressed in *Peek* only apply when a trial court *refuses* to reopen a case. *Id.*

Thus, because the trial court granted the State's request to reopen, the reasoning in *Peek* and article 36.02 are inapplicable to this case, and the trial court did not abuse its discretion by granting the State's request to reopen the evidence without a showing of materiality. *See id.* Shepard's second issue is overruled.

**SPEEDY TRIAL**

In his third issue, Shepard contends the trial court erred in denying his motion to dismiss for lack of a speedy trial under the United States and Texas Constitutions. He asserts that the delay from his arrest to the date the trial court heard his motion for speedy trial is presumptively unreasonable, the delay was attributable to the State, and he was prejudiced by the delay.

Shepard v. State                                                                                      Page 7

The Sixth Amendment to the United States Constitution guarantees the accused in a criminal prosecution the right to a speedy trial. *State v. Lopez*, 631 S.W.3d 107, 113 (Tex. Crim. App. 2021); *Hopper v. State*, 520 S.W.3d 915, 923 (Tex. Crim. App. 2017) (citing U.S. CONST. amend. VI; *Vermont v. Brillon*, 556 U.S. 81, 89, 129 S. Ct. 1283, 173 L. Ed. 2d 231 (2009)). The Texas Constitution provides the same guarantee. TEX. CONST. art. 1, § 10. As the Court of Criminal Appeals has explained, an evaluation of a speedy trial claim includes a consideration of "the length of delay, the reasons for delay, to what extent the defendant has asserted his right, and any prejudice suffered by the defendant." *Barker v. Wingo*, 407 U.S. 514, 530-32, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); *Lopez*, 631 S.W.3d at 113; *Hopper*, 520 S.W.3d at 924. The length of delay is, to some extent, a triggering mechanism of the remaining *Barker* factors, so that a speedy trial claim will not be heard until passage of a period of time that is, on its face, unreasonable under the circumstances. *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003).

Once the *Barker* test is triggered, courts must analyze the speedy-trial claim by first weighing the strength of each of the *Barker* factors and then balancing their relative weights in light of the conduct of both the prosecution and the defendant. *Cantu v. State*, 253 S.W.3d 273, 281 (Tex. Crim. App. 2008). No one factor is either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial. *Id.* Rather, the four factors are

related and must be considered together, along with any other relevant circumstances. *Id.*

Dismissal of the charging instrument with prejudice is mandated only upon a finding that an accused's speedy-trial right was actually violated. *Id.* Because dismissal of the charges is a radical remedy, courts must apply the *Barker* balancing test with common sense and sensitivity to ensure that charges are dismissed only when the evidence shows that a defendant's actual and asserted interest in a speedy trial has been infringed. *Id.* The constitutional right is that of a speedy trial, not dismissal of the charges. *Id.*

We apply a bifurcated standard of review: an abuse of discretion standard for the factual components and a *de novo* standard for the legal components. *State v. Lopez*, 631 S.W.3d 107, 113-14 (Tex. Crim. App. 2021). While an evaluation of the *Barker* factors includes fact determinations and legal conclusions, "the balancing test as a whole is a purely legal question that we review de novo." *Balderas v. State*, 517 S.W.3d 756, 767-68 (Tex. Crim. App. 2016) (citing *Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997). Because the State did not request findings of fact and conclusions of law, we imply all findings necessary to support the trial court's ruling if those findings are supported by the record. *Lopez*, 631 S.W.3d at 114.

### *Length of Delay*

The length of delay is measured from the time the defendant is arrested

or formally accused until the time of trial or a defendant's demand for a speedy trial. *Gonzales v. State*, 435 S.W.3d 801, 809 (Tex. Crim. App. 2014). In general, courts deem a delay approaching one year to be "unreasonable enough to trigger the *Barker*" inquiry. *Balderas v. State*, 517 S.W.3d 756, 768 (Tex. Crim. App. 2016). The extent to which the delay exceeded the minimum needed to trigger judicial examination factors into our assessment of the first *Barker* factor. *Id.* In this case, a little over seventeen months passed between Shepard's arrest on June 27, 2023 and his trial on December 9, 2024. The parties agree that this delay triggers the *Barker* inquiry. Thus, the first *Barker* factor weighs against the State. *See id.*

### *Reason for Delay*

In assessing the reason for the delay, different weights should be assigned to different reasons for the delay. *Id.* Some reasons are valid and serve to justify an appropriate delay. *Id.* Deliberate delay intended to hamper the defense weighs heavily against the State, while more neutral reasons, such as negligence or overcrowded courts, weigh less heavily. *Id.* Delay attributable to the defendant may constitute a waiver of a speedy trial claim. *State v. Munoz*, 991 S.W.2d 818, 822 (Tex. Crim. App. 1999)

The record in this case shows that much of the delay was attributable to Shepard. Shepard's first appointed attorney filed a Motion for Speedy Trial on October 26, 2023, but Shepard soon afterward requested the removal of his

counsel and chose to represent himself.  Shepard did not bring the speedy trial motion to the trial court's attention until February 2, 2024 where, at a hearing on the motion, the trial court granted the motion and set Shepard's trial for April 29, 2024.  Thus, the delay from the end of October of 2023 to the beginning of February of 2024 was attributable to Shepard.  Moreover, between November of 2023 and April 25, 2024—the last pretrial hearing before the trial set on April 29, 2024—Shepard continued to delay the proceedings by objecting to the trial court's jurisdiction, appealing the court's ruling on that jurisdictional challenge, refusing to "consent" to the proceedings in the trial court, and claiming to want to review discovery in the State's possession but refusing to do so when offered the opportunity.

Ultimately, Shepard's case was not reached on April 29, 2024, due to a preferentially-set murder trial.  The next trial date for Shepard was set for July 29, 2024.  At a June 1, status hearing, Shepard accepted appointed representation again.  At a docket call hearing on July 1, 2024, all parties, including the newly-appointed counsel, announced ready for trial on July 29, 2024.  Shepard's case was not reached on that date either due to a competency trial where the defendant had been in jail for five years.

On September 24, 2024, Shepard filed a second speedy trial motion in which he requested a dismissal of the charges against him.  At the hearing on October 31, 2024, the trial court found that there was not enough evidence to

warrant a dismissal.

On appeal, Shepard contends the delay was the State's fault. There is nothing in the record to indicate that the State sought an intentional delay to Shepard's trial. The State and the trial court acknowledged the court's full trial docket. Shepard contends that because the State did not request lab testing of the pill found in Shepard's pocket until May of 2024, the delayed testing request delayed the proceedings. Again, there is nothing in the record to indicate that the State was not ready for trial whenever called to announce or that the alleged delay in testing had any effect on when Shepard's case was scheduled for trial. Accordingly, in light of the record, this factor weighs against Shepard.

### *Assertion of the Right*

Whether and how a defendant asserts his right is closely related to the other *Barker* factors. *Gonzales v. State*, 435 S.W.3d 801, 810 (Tex. Crim. App. 2014). Consequently, this factor "'is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right [to a speedy trial].'" *Id.* at 810-811 (quoting *Barker v. Wingo*, 407 U.S. 514, 531-32, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972)). Filing for a dismissal rather than a speedy trial will generally weaken a speedy-trial claim. *See Cantu v. State*, 253 S.W.3d 273, 283 (Tex. Crim. App. 2008).

Shepard was arrested in late June of 2023. His first request for a speedy

trial was not asserted until February 2, 2024. Although trial counsel had filed a motion in October of 2023, by mid-November, Shepard opted to represent himself and did not assert the motion until the next February. The motion was granted. Shepard expressed no opposition to the April 29, 2024 trial setting. After this, however, Shepard challenged the trial court's jurisdiction, demanded a dismissal, and refused to "consent" to the proceedings. Further, there is nothing in the record to show Shepard ever opposed any of the other trial settings including the trial setting for July 29, 2024. Shepard's newly re-appointed trial counsel announced ready on July 1, 2024, informing the court that, "We have been keeping an eye on the case, so we'll be ready… ."[2] It was not until September 24, 2024 that Shepard again asserted his right to a speedy trial when trial counsel filed a motion to dismiss. Shepard was tried a little over three months later. Accordingly, we cannot say this factor weighs in favor of Shepard.

### Prejudice

In determining prejudice, we consider the delay's effect on three categories of interests: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *Dragoo v. State*, 96 S.W.3d 308,

---

[2] After Shepard was allowed to represent himself, counsel was appointed as stand-by counsel.

315 (Tex. Crim. App. 2003). A defendant has the burden to make some showing of prejudice, but a showing of actual prejudice is not required. *Balderas v. State*, 517 S.W.3d 756, 772 (Tex. Crim. App. 2016). If the defendant makes a prima facie showing of prejudice, the burden shifts to the State to show that the prejudice did not exceed that which occurs from the ordinary and inevitable delay. *State v. Munoz*, 991 S.W.2d 818, 826 (Tex. Crim. App. 1999). The possibility of prejudice is not sufficient to support a defendant's position that his speedy trial rights were violated. *United States v. Loud Hawk*, 474 U.S. 302, 315, 106 S. Ct. 648, 88 L. Ed. 2d 640 (1986).

Shepard's argument regarding prejudice focuses on his pretrial anxiety. He does not allege that his defense was impaired. He points to his testimony that he lost his car, his personal property, and his apartment while he was confined as evidence of prejudice. Shepard testified that "losing everything" put him "in deep stages of depression and stressed [him] out." However, he also testified that he woke up "in deep sweats" and suffered nightmares from this case because he was facing an enhanced range of punishment. He also testified that he was "very paranoid schizophrenic" from being shot in the stomach two months before his arrest and that his resulting health issues made him "very stressed out [and] depressed." Although Shepard testified that he thought additional surgeries would remove the bullet from his body and that medical treatment would reduce his pain, he offered nothing to show that

he was denied any medical treatment due to his pretrial confinement or that he would have obtained additional treatment if his case had proceeded to trial sooner. Shepard acknowledged that he communicated his medical issues to jail personnel and that he was "constantly" receiving medical treatment in the jail, including treatment for high blood pressure, depression, and stress.

Shepard also testified that he had missed his daughter's graduation, but he confirmed that he had not communicated to the court that his daughter would be graduating. He also testified that he had lost family members and "severed relations with people that are close to [him]," but he did not explain how his pretrial confinement contributed to the stress of those events, if at all.

The time from Shepard's arrest for this offense until his trial was a little over seventeen months. The judgment indicates he received 611 days credit on his sentence for his pretrial confinement which is not oppressive. *See Porter v. State*, 540 S.W.3d 178, 184 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (41-month delay not oppressive when, among other things, defendant received credit for time spent in confinement); *United States v. Casas*, 425 F.3d 23, 34-35 (1st Cir. 2005) (holding defendants' allegations of anxiety and concern during 41-month pretrial confinement insufficient to show a violation of the speedy-trial right when time served credited against sentences received upon conviction). Further, the length of his pretrial confinement was less than his minimum sentence. *See* Tex. Health & Safety Code § 481.115(b); Tex.

PENAL CODE § 12.425(b). Additionally, Shepard's testimony did not demonstrate anxiety or concern beyond what would be expected for someone charged with a felony and facing up to twenty years in prison. *See Cantu v. State*, 253 S.W.3d 273, 286 (Tex. Crim. App. 2008) (evidence of defendant's generalized anxiety, although relevant, "is not sufficient proof of prejudice under the *Barker* test, especially when it is no greater anxiety or concern beyond the level normally associated with a criminal charge or investigation").

Accordingly, Shepard has not shown sufficient prejudice, and this factor weighs against him.

### *Conclusion*

After reviewing the record and weighing all of the factors, we find the trial court did not err in denying Shepard's motion to dismiss for lack of a speedy trial. His third issue is overruled.

## NON-REVERSIBLE ERRORS IN THE JUDGMENT

The State asserts that the trial court's judgment incorrectly reflects that Shepard waived his right to a jury trial, that he pled guilty, and that the trial court received Shepard's plea and adjudged Shepard guilty. The State requests that we modify the trial court's judgment to "speak the truth." *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). We agree with the State's requested modifications. Accordingly, we modify the trial court's judgment to reflect that the recitation that Shepard waived his

right to trial by jury is deleted; the plea to the offense was "Not Guilty;" and the verdict of the jury was "Guilty."

**CONCLUSION**

Having found no reversible error but only non-reversible error in the trial court's judgment, we affirm the trial court's judgment as modified.

_____

LEE HARRIS
Justice

OPINION DELIVERED and FILED:  April 23, 2026

Before Chief Justice Johnson,
          Justice Smith, and
          Justice Harris
Affirmed
Do Not Publish
CR25

